RUDOLPH et al., Commissioners of the District of Columbia, v. SULLIVAN.

(Court of Appeals of District of Columbia. Submitted November 8, 1921. Decided January 3, 1922.)

No. 3638.

Mandamus ⟫187(5)—Motion to quash mandamus writ does not suspend limitation of time to appeal.

The pendency of a motion to quash a peremptory writ of mandamus does not suspend the running of the time within which the appeal from the order granting the writ must be taken, since a ruling on such motion is not necessary to make the judgment final.

Appeal from the Supreme Court of the District of Columbia.

Application by Jeremiah F. Sullivan for a writ of mandamus against Cuno H. Rudolph and others, Commissioners of the District of Columbia. From a judgment granting the peremptory writ, the defendants appeal. Affirmed.

F. H. Stephens and R. L. Williams, both of Washington, D. C., for appellants.

Dan Thew Wright and C. W. Fowler, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from a judgment of the Supreme Court of the District of Columbia granting a peremptory writ of mandamus requiring the commissioners of the District to reinstate in office appellee, a police officer.

At the outset, we are confronted with a motion to dismiss or affirm, on the ground that the appeal was not taken in time. The writ was issued on February 21, 1921, and appeal was not taken until March 23d. In the meantime, the order of the court had been complied with, and appellee, Sullivan, had been reinstated in his office. Appellants filed a motion to quash the writ, which was overruled on March 18th,

"with leave to defendants to file such proceedings as advised within 10 days hereof." It is urged that 'this order extended the time within which appellants were required to take their appeal.

We are not impressed with this contention. The only appealable order was the one granting the writ, and it is the order here appealed from. A motion to quash will not stay the period within which, under the. rule, the appeal must be taken. It is held that a motion for a new trial, unless made necessary by statute or rule of court as a basis for review of the judgment in the appellate court, does not suspend the running of the limitation of time within which appeal must be taken. In such cases the ruling on the motion is not necessary to attach the character of finality to the judgment.

Applying this test, we think a motion to quash a writ of mandamus after judgment will not suspend the running of the time allowed for taking appeal. A ruling on such a motion is not essential to make the judgment final.

The judgment is affirmed, with costs.
Affirmed.